**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|                                  |   |                       |
|----------------------------------|---|-----------------------|
| **PRESBYTERIAN MANORS, INC.,**   | ) |                       |
|                                  | ) |                       |
| **Plaintiff,**                   | ) |                       |
|                                  | ) | CIVIL ACTION          |
| v.                               | ) |                       |
|                                  | ) | No. 09-2656-KHV       |
| **SIMPLEXGRINNELL, L.P.,**       | ) |                       |
|                                  | ) |                       |
| **Defendant.**                   | ) |                       |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant SimplexGrinnell LP's Motion To Dismiss (Doc. #3) filed January 12, 2010. Plaintiff alleges breach of express warranty (Count I), negligence (Count II), negligence per se (Count III), recklessness (Count IV) and breach of service agreement (Count V), and seeks punitive damages (Count VI). Defendant asks the Court to dismiss all claims. For the reasons stated herein, the Court sustains defendant's motion in part.

**Legal Standards**

In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible and not merely conceivable on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden to frame its

complaint with enough factual matter to suggest that it is entitled to relief; it is not enough for it to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when it pleads factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. Plaintiff must show more than a sheer possibility that a defendant has acted unlawfully, it is not enough to plead facts that are "merely consistent" with liability. Id. (citing Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 129 S. Ct. at 1949. Similarly, where the well pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged but not "shown" that the pleader is entitled to relief. Id. at 1950.

**Factual Background**

On October 16, 2008, plaintiff Presbyterian Manors, Inc. and defendant SimplexGrinnell, L.P. entered into a service agreement whereby defendant agreed to test plaintiff's fire sprinkler system.[1] During the test, defendant filled plaintiff's sprinkler system with water and subsequently failed to drain the system. On December 23, 2008, the water froze and the pipes ruptured, resulting in damage to plaintiff's property in Aberdeen Village. Plaintiff filed suit on December 21, 2009. On January 12, 2010, defendant filed its motion to dismiss.

The service agreement states that the laws of Massachusetts shall govern the validity, enforceability and interpretation of the agreement. See Service Agreement attached as Ex. A to

---

[1] Presbyterian Manors is a Kansas corporation. See Complaint (Doc. #1) filed December 21, 2009. SimplexGrinnell is a foreign limited partnership organized under the laws of the State of Delaware. Id.

Defendant SimplexGrinnell LP's Memorandum In Support Of Its Motion To Dismiss (Doc. #4) filed January 12, 2010 at ¶ 13.[2] It also limits defendant's liability and plaintiff's remedies and provides that plaintiff agrees to look exclusively to its insurance to recover for injuries or damage in the event of any loss or injury. Id. at ¶ 3. It further provides that defendant is exempt from liability for any loss, damage or injury arising from occurrences which the equipment or services was designed to detect or avert. Id. The service agreement then provides that "COMPANY SHALL NOT BE LIABLE FOR INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES OF ANY KIND, INCLUDING BUT NOT LIMITED TO DAMAGES ARISING FROM THE USE, LOSS OF THE USE, PERFORMANCE, OR FAILURE OF THE COVERED SYSTEM(S) TO PERFORM." The service agreement also provides that if defendant is found liable for any loss, damage or injury arising from a failure of the equipment or service, "Company's liability shall be limited to an amount equal to the Agreement price."

The service agreement provides the following limited warranty, "COMPANY WARRANTS THAT ITS WORKMANSHIP AND MATERIAL FURNISHED UNDER THIS AGREEMENT WILL BE FREE FROM DEFECTS FOR A PERIOD OF NINETY (90) DAYS FROM THE DATE OF FURNISHING." Id. at ¶ 9. Defendant disclaims any other express or implied warranties or guarantees related to its services or the sprinkler system's ability to detect or avert occurrences that it was designed to detect or avert. Id.

**Analysis**

**I. Choice of Law**

Notwithstanding their choice of law agreement, both parties stipulate that the Court should

---

[2] The Court cannot more accurately cite the provisions of the service agreement because the agreement is contained on one page, in single-spaced small font.

apply Kansas law.  Defendant argues that Kansas law and Massachusetts law are not materially different with regard to risk-allocation provisions, and that the Court should apply Kansas law for that reason.  Plaintiff argues that the Court should apply Kansas law because Massachusetts has no relationship with the service agreement and Kansas has a strong public policy that disfavors the enforcement of clauses which purport to limit liability.

Under Kansas law, the enforceability of a contractual choice-of-law provision turns on whether the forum selected bears a reasonable relation to the contract at issue.  Altrutech, Inc. v. Hooper Holmes, Inc., 6 F. Supp. 2d 1269, 1273 (D. Kan. 1998) (citing Atchison Casting Corp. v. Dofasco, Inc., 889 F. Supp. 1445, 1455 (D. Kan. 1995)); see also HealthOne, Inc. v. Columbia Wesley Med. Ctr., 93 F. Supp. 2d 1152, 1155 (D. Kan. 2000) (applying contractual choice-of-law provision where transaction had reasonable relation to denominated state); Nat'l Equip. Rental v. Taylor, 225 Kan. 58, 61, 587 P.2d 870, 873 (1978) (applying contractual choice-of-law provision where the transaction had reasonable relation to denominated state).  This Court will not apply a contractual choice of law provision where Kansas has a materially greater interest than the chosen state in the determination of the particular issue, and where Kansas law would apply in the absence of an effective choice of law by the parties.  Id. (citing Hartford Accid. & Indem. Co. v. Am. Red Ball Transit Co., 262 Kan. 570, 575, 938 P.2d 1281, 1286 (1997); St. Francis Regional Med. Ctr., Inc. v. Critical Care, Inc., 997 F. Supp. 1413, 1436, n.30 (D. Kan. 1997)).

Neither party suggests that the contract was accepted or executed in Massachusetts, that plaintiff made payments to defendant in Massachusetts, that any events concerning this matter occurred in Massachusetts, that either party is a resident of Massachusetts or that the Court should apply Massachusetts law.  The transaction bears no reasonable relation to Massachusetts and the

Court will therefore apply Kansas law.[3]

## II. Breach of Express Warranty

Plaintiff alleges that defendant breached the parties' service agreement (Count I) and the express warranty contained therein (Count V). While plaintiff phrases these two claims differently, both claims arise from the same warranty provisions.

Defendant argues that under its express warranty it agreed to redo any work it performed if such work was faulty and that it is not responsible for consequential damages.[4] Defendant also argues that it disclaimed all other warranties, express or implied. Plaintiff responds that under the express warranty, defendant is liable for consequential damages because the warranty did not exclude consequential damages or limit its liability to redoing the work. Plaintiff also argues that by warranting workmanship, defendant assumed liability for property damage.

### A. Express Warranty

Under Kansas law, an express warranty is created by any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain. K.S.A. § 84-2-313(1)(a). Where a contract does not define a term, the fundamental principles of contract construction direct the court to construe the contract so as to give effect to all the

---

[3] The parties do not explain why the service agreement includes a Massachusetts choice-of-law provision. The Court notes that SimplexGrinnell's Corporate Sales & Marketing division is located in Westminster, Massachusetts. See SimplexGrinnell web site, http://www.simplexgrinnell.com/Pages/SGContactUs.aspx.

[4] Specifically, defendant argues that "[t]he limited warranty provided that SimplexGrinnell's work and materials would be free from defects for ninety days . . . In other words, SimplexGrinnell agreed to redo any work it performed if such work was faulty." See Defendant SimplexGrinnell LP's Memorandum In Support Of Its Motion To Dismiss (Doc. #4) filed January 12, 2010 at 10 (citing paragraph 9 of the service agreement). The agreement, however, does not expressly state that defendant will redo any faulty work.

-5-

provisions, giving the terms their plain and ordinary meaning. See Equitable Fire & Marine Ins. Co. v. Allied Steel Constr. Co., 421 F.2d 512, 513 (10th Cir. 1970). In Equitable Fire, the Tenth Circuit noted that where a contract did not define workmanship, it meant "the execution or manner of making or doing something; craftsmanship; the quality imparted to a thing in the process of making; the character given to a work by the art or skill of the workman. Id. (citing Webster's Third New International Dictionary Unabridged (1961) at page 2635)." Here, in paragraph nine, the service agreement provides that defendant warranted that its workmanship would be free from defects for a period of 90 days. The service agreement does not define workmanship, but workmanship would clearly include the execution and manner in which defendant inspected and tested plaintiff's sprinkler system by filling the pipes with water. Plaintiff has therefore alleged a breach of the express warranty in the parties' service agreement.

B.    Disclaimer Of Express Warranty

Defendant argues that even if it breached the express warranty, the service agreement disclaimed liability for damages by limiting any recovery to the "Agreement price." Plaintiff responds that this limitation only applies to damages arising from occurrences which the services were designed to detect or avert, i.e. fires, and that it does not apply to the warranty provision.

Under Kansas law, once a party makes an express warranty, the party generally may not disclaim it. See Transamerica Oil Corp. v. Lynes, Inc., 723 F.2d 758, 762 (10th Cir. 1983). K.S.A. Section 84-2-316 (1) provides:

> Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other . . . .

This section is designed to deal with those frequent clauses in sales contracts which seek to exclude

all warranties, express or implied. See U.C.C. § 2-316 official comment 1. The section seeks to protect a buyer from unexpected and unbargained language of disclaimer by denying effect to such language when inconsistent with the language of an express warranty. Id. The 1983 Kansas comment to the same section elaborates:

> Subsection (1) deals with attempted disclaimers of express warranties. Once made, express warranties rarely can be disclaimed. Under subsection (1), language creating warranties and language apparently creating disclaimers are to be construed as consistent with each other whenever reasonable, but if such a construction is unreasonable, the disclaimer is ineffective. Courts virtually always resolve the conflict in favor of the express warranty and find the disclaimer ineffective.

See K.S.A. Section 84-2-316, comment 1.

Consequential damages refer to economic harm beyond the immediate scope of the contract and include injury to property from defective performance. See Penncro Assocs. v. Sprint Spectrum, L.P., 499 F.3d 1151, 1156 (10th Cir. 2007) (citing Restatement (Second) of Contracts, § 347). The law recognizes no material difference between consequential, indirect or incidental damages. Id. A party who seeks to disclaim liability for consequential damages, however, must do so through express language. See Evolution, Inc. v. Suntrust Bank, 342 F. Supp.2d 964, 974 (D. Kan. 2004) (under K.S.A. Section 84-2-316, where defendant made express warranty, disclaimer of liability for consequential damages effective when limitation of liability included language that "in no event" would defendant be liable for "consequential damages.") Absent a provision which limits liability under an express warranty, a party may recover special or consequential damages which proximately result from a breach of the warranty and may reasonably be regarded as having been within the contemplation of the contracting parties. See Steele v. J. I. Case Co., 197 Kan. 554, 560, 419 P.2d 902, 908 (Kan. 1966).

Paragraph three of the service agreement provides that defendant shall not be liable for

indirect, incidental or consequential damages of any kind. Plaintiff's property damages are rightly classified as consequential damages because they are beyond the scope of the agreement price and arise from defective performance. The agreement's disclaimer of consequential damages is located in a separate section from the express warranty, however, and it does not refer to the express warranty. The Court therefore finds that defendant did not disclaim liability for consequential damages under the express warranty and overrules defendant's motion to dismiss plaintiff's breach of express warranty claim.

**III.     Negligence Claims**

Plaintiff alleges that it suffered damages as a result of negligent workmanship by defendant. Defendant seeks to dismiss plaintiff's tort claims because (1) its only duty was a contractual duty, and (2) the contractual limitation of liability precludes plaintiff from bringing tort claims.

A.     <u>Contractual and Tort Claims</u>

Under Kansas law, not all tort claims are barred by the existence of a valid contract. <u>See Regal Ware, Inc. v. Vita Craft Corp.</u>, 653 F. Supp.2d 1146, 1152 (D. Kan. 2006) (citing <u>Burcham v. Unison Bancorp, Inc.</u>, 276 Kan. 393, 414, 77 P.3d 130, 145 (2003)). When conduct could satisfy the elements of both a breach of contract and an independent tort, plaintiff may pursue both remedies unless the conduct is permitted by the express provisions of a contract. <u>Id.</u> Here, plaintiff properly alleges the elements of a negligence claim and the service agreement did not expressly permit defendant to fail to drain the pipes which eventually froze. Accordingly, plaintiff may pursue its negligence claims in addition to its contract claims.

B.     <u>Limitation of Liability</u>

In support of its argument that the service agreement's limitation on liability precludes

plaintiff from bringing tort claims, defendant relies on the following language:

> Customer agrees that Company shall be exempt from liability for any loss, damage or injury arising directly or indirectly from occurrences or the consequences therefrom, which the equipment or services was designed to detect or avert.

Defendant also relies on the following provision:

> IN NO EVENT SHALL COMPANY BE LIABLE FOR ANY DAMAGES, LOSS, INJURY, OR ANY OTHER CLAIMS ARISING FROM ANY SERVICING . . . OF THE COVERED SYSTEMS(S) . . . COMPANY SHALL NOT BE LIABLE FOR INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES OF ANY KIND....

See Service Agreement at Id. at ¶ 3.

Where a party purports to limit its liability against tort claims, any limitation of liability for its own negligence must be clearly and unequivocally indicated as the intention of the parties. See Elite Prof'ls., Inc. v. Carrier Corp., 16 Kan. App.2d 625, 635, 827 P.2d 1195, 1203 (Kan. Ct. App. 1992) (citing United States v. Seckinger, 397 U.S. 203, 215 (1970)). Generally, the courts disfavor contracts which purport to exculpate an entity from the consequences of its own acts and enforces such provisions only when the parties' intention to do so is expressed in clear and unequivocal language. Id. (citing Kansas City Power & L. Co. v. United Tel. Co. of Kan., Inc., 458 F.2d 177, 179 (10th Cir. 1972)). Those who draft limitation of liability clauses must specifically address the issue of the drafter's negligence if they intend for the clause to apply to negligent acts. See Neustrom v. Union Pac. R.R., 156 F.3d 1057, 1063 (10th Cir. 1998) (citing Zenda Grain & Supply Co. v. Farmland Indus., Inc., 20 Kan. App. 2d 728, 894 P.2d 881, 887 (1995); Elite Professionals, 16 Kan. App.2d at 625, 634, 827 P.2d at 1203 (1992).

In Corral v. Rollins Protective Services Co., 240 Kan. 678, 732 P.2d 1260 (Kan. 1987), the Kansas Supreme Court upheld an agreement which provided that if loss or damage should result from the failure of performance or operation of a fire and burglary system, Rollins' liability would

be limited to ten per cent of one year's service charge or $250.00, even if the loss or damage resulted from the negligence of Rollins. 240 Kan. at 680-81, 732 P.2d 1262. In Elite Professionals, the Kansas Court of Appeals refused to enforce an agreement which provided that defendant disclaimed all liability for losses arising from defects in material or workmanship. Id. at 627. It distinguished the clause in Corral, which clearly and unequivocally expressed an intention to exempt Rollins from liability for its own negligence. See 16 Kan. App.2d at 635, 827 P.2d at 1203.

Here, the service agreement did not expressly disclaim liability for negligent workmanship by defendant. While defendant disclaimed liability for damages that the service and system were designed to prevent or avert, i.e. fires, it did not clearly and unequivocally disclaim liability for its own negligence. Furthermore, it appears that the parties' primary intent was to disclaim liability for fire-related damages, not damages on account of defendant's negligent workmanship. The Court therefore finds that the security agreement did not disclaim liability for claims arising from defendant's own negligence. Defendant's motion to dismiss such claims is therefore overruled.

**IV. Negligence Per Se**

Plaintiff alleges that it suffered damages as a result of defendant's failure to comply with the Kansas Fire Prevention Code, K.A.R. § 22-1-1 et seq. (Count III). Defendant argues that the KFPC does not support a private cause of action, and seeks to dismiss plaintiff's claim. Plaintiff does not respond.

The Kansas Fire Prevention Code does not expressly create a private cause of action and the doctrine of negligence per se does not apply to instances where plaintiff relies on it as the basis for its claims. Pullen v. West, 278 Kan. 183, 200, 92 P.3d 584, 597 (2004). Plaintiff's negligence per se claims are therefore dismissed.

### V. Recklessness Claims

Plaintiff alleges that it suffered damages as a result of defendant's reckless conduct (Count IV). Defendant seeks to dismiss, arguing that it disclaimed liability for claims arising from reckless conduct.

Willful or wanton conduct cannot be subject to limitations on liability and to the extent that a disclaimer attempts to limit liability for gross negligence, reckless or willful and wanton conduct, it is unenforceable. See Wolfgang v. Mid-American Motorsports, 898 F. Supp. 783, 788 (D. Kan. 1995) (citing Butler Mfg. Co. v. Americold Corp., 835 F. Supp. 1274, 1282 (D. Kan. 1993)). The Court finds that defendant did not effectively disclaim liability for reckless acts. Defendant's motion to dismiss such claims is overruled.

### VI. Punitive Damages

Plaintiff argues that it is entitled to punitive damages because it suffered damages as a result of defendant's reckless, intentional, willful, wanton and grossly negligent actions (Count VI). Defendant seeks to dismiss, arguing that plaintiff's claim amounts to a breach of contract claim and as a matter of law, punitive damages are not available for a breach of contract.

As stated above, defendant has not shown that it is entitled to judgment as a matter of law on plaintiff's claims of reckless conduct. Therefore, plaintiff's punitive damages claims should not be dismissed.

**IT IS THEREFORE ORDERED** that Defendant SimplexGrinnell LP's Motion To Dismiss (Doc. #3) filed January 12, 2010, be and hereby is **SUSTAINED** in part and **OVERRULED** in part. The Court dismisses Count III (negligence per se). Defendant's motion is otherwise overruled.

Dated this 11th day of May, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge