# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PRESBYTERIAN MANORS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-2656-KHV |
| SIMPLEXGRINNELL, L.P., | ) ) ) |
| Defendant. | ) |

## ORDER

On July 26, 2010, Defendant filed a Motion to Compel Production of Documents and Responses to Interrogatories (ECF No. 22). On September 28, 2010, this Court granted Defendant's motion in part and denied it in part. Within ten (10) days of its Order, the Court directed Plaintiff to show cause in writing why it should not be taxed with Defendant's reasonable expenses associated with filing the motion to compel and directed Defendant to file a memorandum of expenses incurred in filing the motion to compel.

Fed. R. Civ. P. 37(a)(5) governs the award of fees and expenses in connection with motions to compel. Rule 37 generally requires the Court to award reasonable expenses and attorney's fees to a prevailing party unless the position of the non-prevailing party was substantially justified or other circumstances make an award of expenses unjust.[1] If a motion to compel is granted in part and denied in part, then the Court may "apportion the reasonable expenses for the motion."[2] Courts have generally held that a party's position (i.e., motion, request, response, or objection) is "substantially justified" within the meaning of Rule 37 if it is "justified to a degree that could satisfy

---

[1] *Millennium Mktg. Grp., Ltd. v. Simonton Bldg. Prods., Inc.*, No. 08-2198-JWL, 2009 WL 2407723, at *19 (D. Kan. Aug. 4, 2009).

[2] Fed. R. Civ. P. 37(a)(5)(C).

a reasonable person," or where "reasonable people could differ as to the appropriateness" of the objection or response.[3] The decision whether to impose sanctions lies within the court's sound discretion, and the court must consider on a case-by-case basis whether the party's position was substantially justified or whether other circumstances make the imposition of sanctions inappropriate.[4] Sanctions are not appropriate if the parties take legitimate positions on the motion to compel.[5] Even though a court overrules a party's objections, sanctions are appropriate only if the party's objections were unreasonable.[6]

Plaintiff argues this District has a "policy of ordering the parties to bear their own costs when a motion to compel is granted in part and denied in part."[7] The Court disagrees this District has such a policy. As mentioned above, courts must consider on a *case-by-case basis* whether a party's position was substantially justified or whether other circumstances make the imposition of sanctions inappropriate.[8] Further, this District has imposed sanctions when a motion to compel was granted in part and denied in part.[9]

---

[3] *Millennium Mktg. Grp., Ltd.*, 2009 WL 2407723, at *19 (internal citations omitted).

[4] *Id.*

[5] *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 699 (D. Kan. 2007).

[6] *Sprint Commc'ns Co. v. Big River Tel. Co.*, No. 08-2046-JWL, 2009 WL 2176033, at *1 (D. Kan. July 21, 2009).

[7] Pl.'s Sur-reply, ECF No. 56-1.

[8] *Millennium Mktg. Grp., Ltd.*, 2009 WL 2407723, at *19; *see also Dean v. New Werner Holding Co.*, No. 07-2534-JAR, 2008 WL 2560707, at *10 (D. Kan. June 26, 2008) (declining to award expenses "[u]nder the particular circumstances" of that case).

[9] *See, e.g.*, *Lewis v. ASAP Land Express, Inc.*, No. 07-2226-EFM, 2009 WL 2580315, at *3 (D. Kan. Aug. 20, 2009) (granting plaintiff's request for attorney fees when motion to compel

Further, in many of the cases cited by Plaintiff, the court sustained various objections lodged in response to the discovery requests at issue.[10] In those cases, there was an implicit finding that at least some of the objections were substantially justified when the motions to compel were granted in part and denied in part. This case is distinguishable because the Court, in partially denying the motion, did not sustain a single objection lodged by Plaintiff. The Court denied *as moot* Defendant's motion as to Request for Production Nos. 2, 23, and 24, and Interrogatory Nos. 5 and 18 because Plaintiff produced all documents responsive to these requests and fully answered the interrogatories *after* the motion to compel was filed.[11] The Court also denied the motion as to the underwriting and loss control files sought in Request for Production No. 16 because Plaintiff appeared to have produced all relevant portions of the files, not because the Court sustained any of Plaintiff's objections.

Plaintiff's failure to sustain any of its objections is not determinative, however. Even though a court overrules a party's objections, sanctions are appropriate only if the party's objections are

---

was granted in part and denied in part); *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, No. 05-2192-JWL, 2008 WL 2548129, at *11– 12 (D. Kan. June 23, 2008) (awarding sanctions when motion to compel was granted in part and denied in part); *Long v. Landvest Corp.*, No. 04-2025-CM, 2006 WL 897612, at *13 (D. Kan. Mar. 31, 2006) (awarding sanctions when motion to compel was granted in part and denied in part); *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470-CM, 2005 WL 44534, at *12 (D. Kan. Jan. 7, 2005) (apportioning 100% of defendant's reasonable expenses to Plaintiff when majority of motion to compel was granted).

[10] *Cf. P.S. ex rel. Nelson v. The Farm, Inc.*, No. 07-2210-JWL, 2009 WL 939123, at *9 (D. Kan. Apr. 6, 2009) (not awarding expenses after sustaining some of defendant's objections); *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1269 (D. Kan. 2008) (not awarding expenses after sustaining in part defendant's relevance objections).

[11] *See* Pl.'s Mem. in Opp'n to Def.'s Mot. to Compel, ECF No. 26. Fed. R. Civ. P. 37(a)(5) requires payment of expenses when a motion to compel is granted *or when discovery is provided after a motion to compel is filed.*

unreasonable.[12] As detailed below, the Court finds the majority of Plaintiff's objections were not substantially justified. Virtually no showing was even attempted to support those objections.

Plaintiff objected to Request for Production Nos. 5, 16, and 17 as unduly burdensome. As the party asserting the objection, Plaintiff had "'the burden to show facts justifying [its] objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.'"[13] This imposed an obligation on Plaintiff "'to provide sufficient detail in terms of time, money and procedure required to produce the requested documents.'"[14] Any objections that discovery is unduly burdensome must contain a factual basis for the claim,[15] and the objecting party must usually provide an "affidavit or other evidentiary proof of the time or expense involved" in responding to the discovery request.[16]

Despite this District's well established authority on the level of detail needed to support an undue burden objection, Plaintiff did not submit an affidavit or otherwise attempt to describe how the discovery requests were unduly burdensome in terms of time, expense, or procedure. In short, Plaintiff provided the Court with no information about the burden involved in responding to these discovery requests. There is no basis to conclude Plaintiff's objection was substantially justified.

---

[12] *Sprint Commc'ns Co. v. Big River Tel. Co., LLC*, No. 08-2046-JWL, 2009 WL 2176033, at *1 (D. Kan. July 21, 2009).

[13] *G.D. v. Monarch Plastic Surgery*, No. 06-2184-CM, 2007 WL 201150, at *2 (D. Kan. Jan. 22, 2007) (quoting *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002)).

[14] *Id.*

[15] *Barnes v. Akal Sec., Inc.*, No. 04-1350-WEB, 2005 WL 3359717, at *2 (D. Kan. Dec. 9, 2005).

[16] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004).

On the contrary, Plaintiff's reliance on what amounted to a boilerplate objection was not reasonable.

Plaintiff objected to Request for Production Nos. 5, 6, 8, 12, 16, 17, and 20 and Interrogatory No. 13 based upon the attorney-client privilege and/or work product doctrine. Plaintiff, as the party asserting the attorney-client privilege and work product immunity, was required to make a "clear showing" that the asserted objection applied[17] and "'describe in detail'" the documents or information to be protected and provide "'precise reasons'" for the objection to discovery.[18]

The Federal Rules of Civil Procedure require a fairly detailed and specific showing to withhold discovery on privilege grounds.[19] Fed. R. Civ. P. 26(b)(5) provides that when a party withholds documents or other information based upon a privilege or work product immunity, the party must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[20]

Plaintiff never provided a privilege log or offered any reason for its failure to do so. As the Court pointed out in its order on the motion to compel, a privilege log is not always necessary as long as the opposing party and the court can assess whether the claimed privilege applies to the document.[21] For example, a party might satisfy Rule 26(b)(5)(A)(ii) by describing a particular

---

[17] *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000).

[18] *Id.* (quoting *Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan. 1994)).

[19] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 671 (D. Kan. 2005).

[20] Fed. R. Civ. P. 26(b)(5).

[21] *Farha v. Idbeis*, No. 09-1059-JTM, 2010 WL 3168146, at *4 n.11 (D. Kan. Aug. 10, 2010).

communication in such narrative detail that a formal privilege log is unnecessary.[22] Here, however, Plaintiff did not provide the Court with a sufficient description of any specific documents claimed to be protected. Thus, the Court concluded Plaintiff failed to establish Request for Production Nos. 5, 6, 8, 12, 16, 17, and 20 and Interrogatory No. 13 sought documents or information protected by the attorney-client privilege and/or work product doctrine.

For example, Plaintiff asserted the claims and investigation files sought in Request for Production Nos. 5, 16, and 17 were protected by the attorney-client privilege and/or work product doctrine. However, Plaintiff made no showing that the purpose of the allegedly protected communications was to give or seek legal advice. Further, Plaintiff did not provide the Court with a sufficient description of any specific documents sought to be withheld, including identifying the authors of the purportedly privileged documents, the recipients of those documents, and the dates the documents were created. Regarding the work product doctrine, Plaintiff failed to establish that the claims and investigative files were prepared "because of" litigation rather than in the normal course of Plaintiff's insurer's business.

In addition to finding that Plaintiff had not supported its privilege objections, the Court found that several requests did not call for the disclosure of any privileged information. For example, Request for Production No. 20 sought any documents supporting the allegations in Paragraph 18 of Plaintiff's Complaint. This request is similar to Fed. R. of Civ. P. 26(a)(1)(A)(ii), which requires a party to provide a "a copy . . . of *all* documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . ."[23] As a result, the Court found

---

[22] *Id*.

[23] Emphasis added.

the request did not implicate the attorney-client privilege or the work product doctrine.[24] Similarly, the Court found that Interrogatory No. 13, which was a contention interrogatory, did not seek information protected by the work product doctrine.[25]

Although the Court found Interrogatory No. 13 to be overly broad, this was not the basis for Plaintiff's objection. Further, Plaintiff was still required to respond to the extent the request was not objectionable.[26] Plaintiff should have still provided Defendant with the material or principal facts supporting its contention, and its failure to do so was not substantially justified.

Contrary to this District's well established authority, Plaintiff did not provide a detailed description of *any* particular documents claimed to be protected by the attorney-client privilege and/or work product doctrine. Plaintiff's showing was so deficient the Court has no basis to conclude the objections were substantially justified. On the contrary, Plaintiff's conclusory assertions of privilege in response to Request for Production Nos. 5, 6, 8, 12, 16, 17, and 20 and Interrogatory No. 13 were unreasonable.

Plaintiff's responses to various other discovery requests were also unreasonable. For example, Interrogatory No. 14 sought an itemized list of Plaintiff's damages. Plaintiff initially answered this interrogatory by indicating it sustained $324,672.49 in property damage and would supplement its answer as new information became available. In response to the motion to compel,

---

[24] *See Moses v. Halstead*, 236 F.R.D. 667, 678 (D. Kan. 2006) (holding that a request seeking "all documents which support [a party's] defenses" did not improperly call for counsel to divulge his thought process or mental impressions").

[25] The work product doctrine "does not apply to contentions and supporting facts." *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625953, at *3 (D. Kan. Oct. 5, 1995) (internal citations omitted).

[26] *See Azimi v. United Parcel Serv., Inc.*, No. 06-2114-KHV, 2007 WL 2010937, at *11 (D. Kan. July 9, 2007).

Plaintiff indicated it "produced all responsive documentation in its possession" in accordance with Fed. R. Civ. P. 33(d) and directed Defendant to the documents produced in response to Request for Production Nos. 18–19. As discussed in this Court's order on the motion to compel, Plaintiff did not comply with Fed. R. Civ. P. 33(d) by specifically identifying the records to be reviewed.[27] Plaintiff's failure to comply with the Federal Rules of Civil Procedure was not substantially justified.

Plaintiff objected to producing any documents from the claims and/or investigative files sought in Request for Production Nos. 5, 16, and 17 on relevance grounds. In its response to Defendant's motion to compel, Plaintiff initially argued the relevance of the requests was not apparent because Plaintiff's insurer was not a party to the action and Defendant failed to articulate the relevance of the documents. In its sur-reply, Plaintiff still maintained that the entirety of the claims file was irrelevant, but further elaborated that any documents within the claims file showing the payments made to Plaintiff by its insurer were irrelevant because they would not be probative of the damages Plaintiff would be able to recover from Defendant.

The Court found the requests to be facially relevant because the insurance claims or investigation files would likely contain information regarding the cause and scope of Plaintiff's damages, which is a central issue in this case. As a result, Plaintiff was not substantially justified in arguing the entirety of the claims file was irrelevant.

It is a closer call whether Plaintiff was substantially justified in objecting to producing the documents within the claims file that reflected the payments made to Plaintiff by its insurer.

---

[27] *See Cont'l Illinois Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 687 (D. Kan. 1991) (holding that plaintiff failed to answer an interrogatory directed at identifying the precise amount of damages sustained because plaintiff merely referenced the documents where the information was found and did not specifically identify the page number or paragraphs in the documents where the information could be located).

Although the Court ultimately overruled this objection, Plaintiff's position with respect to this narrower category of documents was reasonable. Plaintiff, however, was not substantially justified in withholding the entire claims file as a result.[28] As discussed in the preceding paragraph, the claims file contained relevant documents that should have been produced without Defendant having to file a motion to compel.

In sum, the Court finds that the majority of Plaintiff's objections were unreasonable. Further, the parties discovery dispute largely concerned the insurance claims and/or investigative files sought in Requests for Production Nos. 5, 16, and 17 discussed throughout this Order. Plaintiff's attempt to withhold from production the *entirety* of these files based upon unsupported claims of undue burden, attorney-client privilege, work product immunity, and relevance was not substantially justified. Much of this discovery dispute could have been avoided had Plaintiff not taken such a position. Even where the Court denied Defendant's motion, those discovery requests were denied as moot because Plaintiff finally provided the information sought by the interrogatories or provided the documents requested. Under the circumstances of this case, the Court concludes it is appropriate to apportion 100% of Defendant's expenses incurred in filing the motion to compel to Plaintiff's counsel.[29]

To determine a reasonable attorney's fee, courts must arrive at a "lodestar" figure by

---

[28] *See Azimi*, 2007 WL 2010937, at *11 (party required to respond to discovery to the extent it was not objectionable).

[29] *See Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470-CM, 2005 WL 44534, at *12 (D. Kan. Jan. 7, 2005) (apportioning 100% of defendant's reasonable expenses to Plaintiff when majority of motion to compel was granted). In the absence of any evidence indicating that Plaintiff itself was responsible for the sanctionable conduct, the Court will impose liability for payment of the expenses against the law firm of Plaintiff's counsel. *See Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 387 n.43 (D. Kan. 2005).

multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate.[30] Defense counsel has submitted evidence that her billable rate is $210 per hour and that she spent fourteen (14) hours on Defendant's motion to compel. Defense counsel also indicates she spent three (3) hours on Defendant's opposition to third party Travelers' motion to quash subpoena. Defendant seeks a total of $3,570.00 in attorney's fees.

The Court finds defense counsel's rate of $210 per hour to be reasonable. Additionally, the Court finds the time spent by defense counsel in drafting the motion to compel to be reasonable. Fed. R. Civ. P. 37, however, does not provide for an award of expenses to a party that prevails against a non-party seeking to quash a subpoena. Although Fed. R. Civ. P. 45 provides for sanctions, such as attorney's fees, when a party responsible for issuing a subpoena fails to take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," it does not authorize an award of fees to one defending a motion to quash. Therefore, Defendant is not entitled to recover for the three (3) hours spent by defense counsel drafting Defendant's opposition to Travelers' motion to quash. As a result, the Court will reduce Defendant's requested attorney's fees by $630.00 (3 hours x $210/hour), resulting in fees of $2,940.00.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's counsel shall pay to Defendant the sum of $2,940.00 pursuant to Fed. R. Civ. P. 37(a)(5)(C) within thirty (30) days of this Order.

---

[30] *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).

**IT IS SO ORDERED.**

Dated this 30th day of November, 2010, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge